**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HTS, Inc. an Arizona Corporation,    )<br>                                            )<br>       Plaintiff,                          )<br>                                            )<br>vs.                                         )<br>                                            )<br>David Boley, an individual, and NuVision,)<br>Systems, an entity of unknown orgin,  )<br>                                            )<br>       Defendants.                     )<br>_____ ) | No. CV-12-835-PHX-SMM (BSB)<br><br>**MEMORANDUM OF DECISION<br>AND ORDER** |

Before the Court is Plaintiff's motion for default judgment. (Doc. 17.)  In its Complaint, Plaintiff, HTS, Inc. ("HTS"), alleges claims against Defendants David Boley ("Boley") and NuVision Systems ("NuVision") for false designation of origin and trademark infringement under 15 U.S.C. § 1125(a), misappropriation of trade secrets under the Arizona Uniform Trade Secrets Act, Ariz. Rev. Stat. § 44-401 to § 44-404, and common law tort claims for breach of fiduciary duty and unfair competition.  This matter was assigned and litigated before Magistrate Judge Bridget S. Bade.  (Doc. 11.)  On November 6, 2012, Magistrate Judge Bade held a default damages hearing in open court pursuant to Fed. R. Civ. P. 55(b)(2).  (Doc. 24.)  On May 20, 2013, Judge Bade issued her Report and Recommendation. (Doc. 31.)  She recommends that default judgment be entered against Defendant Boley in the form of damages, attorney's fees and costs, and permanent injunctive relief.  (Id.)

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court must

"make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)). Failure to object to a Magistrate Judge's recommendation relieves the Court of conducting de novo review of the Magistrate Judge's factual findings; the Court then may decide the dispositive motion on the applicable law. Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979) (citing Campbell v. United States Dist. Court, 501 F.2d 196 (9th Cir. 1974)).

By failing to object to a Report and Recommendation, a party waives its right to challenge the Magistrate Judge's factual findings, but not necessarily the Magistrate Judge's legal conclusions. Baxter, 923 F.2d at 1394; see also Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998) (failure to object to a Magistrate Judge's legal conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal"); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991) (citing McCall v. Andrus, 628 F.2d 1185, 1187 (9th Cir. 1980)).

**DISCUSSION**

Having reviewed the legal conclusions of the Report and Recommendation of the Magistrate Judge, and no objections having been made by Defendants thereto, the Court hereby incorporates and adopts the Magistrate Judge's Report and Recommendation.

**CONCLUSION**

For the reasons set forth,

**IT IS HEREBY ORDERED** approving, incorporating, and adopting the Report and Recommendation of Magistrate Judge Bridget S. Bade. (Doc. 31.)

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment against Defendant David Boley is **GRANTED**. (Doc. 17.)

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant NuVision be **dismissed without prejudice** for failure to serve pursuant to Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that the Clerk shall enter Judgment in favor of Plaintiff HTS, Inc. and against Defendant David Boley in the form of damages in the amount of $179,474.57, plus attorney's fees and costs in the amount of $27,694.55, for a total award of $207,169.12. The Judgment shall earn interest at the annual federal rate from the date of entry of Judgment until paid in full.

**IT IS FURTHER ORDERED GRANTING** the following permanent injunctive relief in favor of Plaintiff HTS, Inc.,and against Defendant David Boley:

1. Boley, his agents, representatives, employees, assigns, and suppliers, and all persons acting in concert or privity with Boley, are permanently enjoined from using any HTS trademarks, specifically HTS's "eye-design" logo (the Mark), as shown in the exhibits to the Complaint, (Doc. 8, Exs. A and B), including formatives thereof, or any other name, mark, designation or depiction in a manner that is likely to cause confusion regarding whether Boley is affiliated or associated with, or sponsored by HTS, or that is likely to dilute the distinctiveness of HTS's trademark or any other marks owned by HTS. Specifically, Boley is permanently enjoined from using the NuVision "eye-design" logo (the infringing Mark) on the form shown in the exhibits to the Complaint (Doc. 8, Exs. C and D).

2. Boley, his agents, representatives, employees, assigns, and suppliers, and all persons acting in concert or privity with Boley, are permanently enjoined from assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraph 1.

3. Boley is permanently enjoined from possessing, and shall immediately destroy or surrender to HTS, all stationery, forms, printed matter, advertising, and paper goods containing HTS's Mark, formatives thereof, and the infringing Mark.

4. Boley is permanently enjoined from using, in connection with any business or the promotion thereof, any reproduction, counterfeit, copy, or colorable imitation of HTS's Mark, formatives thereof or trade dress; and Boley shall not utilize any designation of origin or description or representation that falsely suggests or represents any association or connection with HTS.

5. Boley, his agents, representatives, employees, assigns, and suppliers, and all persons acting in concert or privity with Boley, are permanently enjoined from possessing, utilizing, or disclosing any of HTS's confidential information (including Trade Secrets), specifically including HTS's client identification information, client contact information, and financial information.

6. Boley, his agents, representatives, employees, assigns, and suppliers, and all persons acting in concert or privity with Boley, are permanently enjoined from breaching fiduciary duties owed to HTS, including by retaining, using, or disclosing any of HTS's confidential information (including Trade Secrets), specifically including HTS's client identification information, client contact information, and financial information.

7. Boley, his agents, representatives, employees, assigns, and suppliers, and all persons acting in concert or privity with Boley shall immediately destroy or surrender to HTS, any and all HTS confidential and/or Trade Secret information in the possession of Boley, his agents, representatives, employees, assigns, and suppliers, and all persons acting in concert or privity with Boley.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction over this matter in order to enforce the injunctive relief.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

DATED this 20th day of June, 2013.

Stephen M. McNamee
Senior United States District Judge